William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

*Attorneys for Plaintiffs*
*Bausch Health Companies Inc.,*
*Salix Pharmaceuticals, Inc.,*
*Progenics Pharmaceuticals, Inc.,*
*and Wyeth LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAUSCH HEALTH COMPANIES INC., SALIX PHARMACEUTICALS, INC., PROGENICS PHARMACEUTICALS, INC., and WYETH LLC, <br><br> Plaintiffs, <br> v. <br><br> SUN PHARMACEUTICAL INDUSTRIES LTD. and SUN PHARMACEUTICAL INDUSTRIES, INC., <br><br> Defendants. | Civil Action No. 26-8573 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Bausch Health Companies Inc. ("Bausch Health"), Salix Pharmaceuticals, Inc. ("Salix"), Progenics Pharmaceuticals, Inc. ("Progenics"), and Wyeth LLC ("Wyeth") (collectively, "Plaintiffs") by way of Complaint against Defendants Sun Pharmaceutical Industries Ltd. ("Sun Ltd.") and Sun Pharmaceutical Industries, Inc. ("Sun USA") (collectively, "Sun") allege as follows:

## NATURE OF THE ACTION

1.        This is an action for infringement of United States Patent Nos. 8,524,276 (Ex. 1; "the '276 Patent"); 8,956,651 (Ex. 2; "the '651 Patent"); 9,314,461 (Ex. 3; "the '461 Patent"); 10,307,417 (Ex. 4; "the '417 Patent"); and 10,376,505 (Ex. 5; "the '505 Patent") (collectively, the "Asserted Patents") arising under the United States patent laws, Title 35, United States Code, § 100, et seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202.

2.        This action relates to Sun's filing of an Abbreviated New Drug Application (the "Sun ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic methylnaltrexone bromide products for oral dosing in 150 mg tablets (the "Sun ANDA Product").

## PARTIES

3.        Plaintiff Bausch Health is a company organized and existing under the laws of Canada, having its United States headquarters at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807.

4.        Plaintiff Salix is a corporation organized and existing under the laws of California, having its corporate headquarters at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807. Salix is the registered holder of approved New Drug Application ("NDA") No. 208271 (the "Relistor® Oral Tablet NDA") by which the marketing of the oral tablet dosage form of Relistor® (*methylnaltrexone bromide*) is authorized in and by the United States.

5.        Plaintiff Progenics, which is a Lantheus Company, is a corporation organized and existing under the laws of Delaware, having its principal place of business at 201 Burlington Road, South Building, Bedford, MA  01730.

6. Plaintiff Wyeth LLC, is a limited liability company organized and existing under the laws of Delaware, having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

7. On information and belief, Sun Ltd. is an entity organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1 Western Express Highway, Goregaon (E), Mumbai-400063, Maharashtra, India.

8. On information and belief, Defendant Sun USA is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 2 Independence Way, Princeton, NJ 08540, and another place of business at 1 Commerce Drive, Cranbury, NJ 08512. On information and belief, Sun USA is headquartered in Princeton, New Jersey. On information and belief, Sun USA is a wholly owned subsidiary of Sun Ltd. and is controlled by Sun Ltd.

9. On information and belief, Sun Ltd. and Sun USA acted in concert to prepare and submit the Sun ANDA to FDA.

10. On information and belief, following any FDA approval of the Sun ANDA, Sun Ltd. and Sun USA will act in concert to distribute and sell the Sun ANDA Product throughout the United States, including within New Jersey.

## **JURISDICTION AND VENUE**

11. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

12. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and/or 2202.

13. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery, if necessary, this Court has personal jurisdiction over Sun Ltd.

14. On information and belief, Sun Ltd. prepared the Sun ANDA or assisted Sun USA in preparing the Sun ANDA with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification").

15. On information and belief, Sun Ltd. is in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic versions of branded pharmaceutical products throughout the United States, including in New Jersey, through its own actions and/or through the actions of its agents and subsidiaries, including Sun USA, from which Sun Ltd. derives a substantial portion of its revenue.

16. On information and belief, Sun Ltd., through its own actions and/or through the actions of its agents and subsidiaries, including Sun USA, has engaged in the research and development, and the preparation and filing, of the Sun ANDA, and seeks FDA approval of the Sun ANDA.

17. On information and belief, upon approval of the Sun ANDA, Sun Ltd. will through its own actions and/or through the actions of its agents and subsidiaries, including Sun USA, market, distribute, offer for sale, sell, and/or import the Sun ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the Sun ANDA Product in New Jersey.

18. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery, if necessary, this Court has personal jurisdiction over Sun USA.

19. On information and belief, Sun USA has a principal place of business in New Jersey.

20. On information and belief, Sun USA assisted Sun Ltd. in preparing the Sun ANDA with the Paragraph IV Certification in New Jersey, where Sun USA is located.

21.     On information and belief, Sun USA is in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic versions of branded pharmaceutical products throughout the United States, including in New Jersey, through its own actions and/or through the actions of its agents and affiliates, including Sun Ltd, from which Sun USA derives a substantial portion of its revenue.

22.     On information and belief, Sun USA, through its own actions and/or through the actions of its agents and affiliates, including Sun Ltd. has engaged in the research and development, and the preparation and filing, of the Sun ANDA and continues to engage in seeking FDA approval of the Sun ANDA.

23.     On information and belief, upon approval of the Sun ANDA, Sun USA will market, distribute, offer for sale, sell, and/or import the Sun ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the Sun ANDA Product in New Jersey.

24.     Venue is proper in this District as to Sun Ltd. pursuant to 28 U.S.C. § 1391 and/or 1400(b), at least because, on information and belief, Sun Ltd. is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

25.     Venue is proper in this District as to Sun USA pursuant to 28 U.S.C. § 1400(b), at least because, on information and belief, Sun USA maintains a principal place of business in New Jersey, is organized under the laws of and incorporated in New Jersey, and has committed, or will commit, an alleged act of infringement in this District.

26.     This Court also has personal jurisdiction and venue is proper in this District as to Sun Ltd. and Sun USA because each of Sun Ltd. and Sun USA: (1) engages in patent litigation concerning Sun's generic versions of branded pharmaceutical products in this District, (2) does

not contest personal jurisdiction in this District, and (3) purposefully avails itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this District. *See, e.g., Genentech, Inc. v. Sun Pharm Indus, Ltd. and Sun Pharm Indus. Inc. (D.N.J. Dec. 29, 2025); Incyte Corp. v. Sun Pharm. Indus. Inc., Civ. No. 25-13225-CPO (D.N.J. Sept. 29, 2025); American Regent, Inc. v. Sun Pharm. Indus. Ltd., Civ. No. 2:24-7791-BRM (D.N.J. Jan. 8, 2025); TherapeuticsMD v. Sun Pharm. Indus. Inc., Civ. No. 24-07974-BRM (D.N.J. Sept. 30, 2024).*

## THE RELISTOR® ORAL TABLET NDA

27.    FDA approved NDA No. 208271 for Relistor® oral tablets on July 19, 2016.

28.    FDA issues a publication entitled Approved Drug Products with Therapeutic Equivalence Evaluation ("the Orange Book"). In accordance with 21 U.S.C. § 355(b)(1), the Asserted Patents are listed in the Orange Book in connection with NDA No. 208271 as patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" Relistor® oral tablets.

## THE PATENTS-IN-SUIT

29.    On September 3, 2013, the United States Patent and Trademark Office ("PTO") issued the '276 Patent, entitled "Oral Formulations and Lipophilic Salts of Methylnaltrexone," a copy of which is attached to this Complaint as **Exhibit A**.  Plaintiffs hold all substantial rights in the '276 Patent and have the right to sue for infringement thereof.

30.    On February 17, 2015, the PTO issued the '651 Patent, entitled "Oral Formulation and Lipophilic Salts of Methylnaltrexone," a copy of which is attached to this Complaint as **Exhibit B**.  Plaintiffs hold all substantial rights in the '651 Patent and have the right to sue for infringement thereof.

31.     On April 19, 2016, the PTO issued the '461 Patent, entitled "Oral Formulations and Lipophilic Salts of Methylnaltrexone," a copy of which is attached to this Complaint as **Exhibit C**. Plaintiffs hold all substantial rights in the '461 Patent and have the right to sue for infringement thereof.

32.     On June 4, 2019, the PTO issued the '417 Patent, entitled "Oral Formulations and Lipophilic Salts of Methylnaltrexone," a copy of which is attached to this Complaint as **Exhibit D**. Plaintiffs hold all substantial rights in the '417 Patent and have the right to sue for infringement thereof.

33.     On August 16, 2019, the PTO issued the '505 Patent, entitled "Oral Formulations and Lipophilic Salts of Methylnaltrexone," a copy of which is attached to this Complaint as **Exhibit E**. Plaintiffs hold all substantial rights in the '505 Patent and have the right to sue for infringement thereof.

34.     The claims of the Asserted Patents cover, *inter alia*, oral tablet dosage forms of *methylnaltrexone bromide*, including those described and approved under the Relistor® Oral Tablet NDA.

### SUN'S ANDA AND ACTS GIVING RISE TO SUIT

35.     Sun submitted or caused to be submitted with the FDA the Sun ANDA, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

36.     The Sun ANDA seeks FDA approval to commercially manufacture, market, import, use, sell and/or offer for sale in the United States the Sun ANDA Product, which is specifically intended to be a generic version of Plaintiffs' Relistor® 150mg oral tablet.

37.     Plaintiffs Salix and Wyeth received a letter, dated May 26, 2026, from Sun, identified as a Notice of Paragraph IV Certification regarding the Sun ANDA ("Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 § C.F.R. 314.95.

38.     The Notice Letter claims Sun included a certification in the Sun ANDA, pursuant to 21 U.S.C § 355(j)(2)(A)(vii)(IV), and alleges the Asserted Patents, which are listed in the Orange Book, are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and/or sale of the Sun ANDA Product.

39.     The Notice Letter claims the Sun ANDA seeks approval to commercially manufacture, use, and/or sell the Sun ANDA Product that is specifically intended to be a generic version of Relistor® oral tablets, which is the reference listed drug ("RLD") identified by Sun.

40.     The Notice Letter claims the Sun ANDA contains "bioavailability or bioequivalence data," for the Sun ANDA Product.

41.     The Sun ANDA seeks approval of the Sun ANDA Product that is the same, or substantially the same, as Relistor® oral tablets.

42.     At least one claim of each of the Asserted Patents is infringed by the submission of the Sun ANDA to FDA.

43.     Sun had actual and constructive notice of the Asserted Patents prior to submitting the Sun ANDA with FDA because, *inter alia*: (i) Sun collaborated in the research, development, preparation, and submission of the Sun ANDA; (ii) the Notice Letter, includes, at least, Sun's identification of Relistor® oral tablets as the RLD; (iii) the FDA requirements for ANDA submissions put Sun on notice; (iv) Sun has expressed its desire to market a product equivalent to Relistor® oral tablets; and (v) Sun's submission of bioequivalence data to the FDA represents the

Sun ANDA Product as containing the same active ingredients in the same dosages as Relistor® oral tablets.

Plaintiffs commenced this lawsuit within 45 days of the date they received the Notice Letter concerning the Sun ANDA.

**COUNT I**

**INFRINGMENT OF U.S. PATENT NO. 8,524,276**

44. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

45. Under 35 U.S.C. § 271(e)(2), Sun has infringed at least one claim of the '276 Patent by submitting, or causing to be submitted to the FDA, the Sun ANDA, seeking approval for the commercial marketing of the Sun ANDA Product before the expiration date of the '276 Patent.

46. Sun's ANDA Product will, if approved and marketed in the U.S., infringe at least one claim of the '276 Patent.

47. Sun will, through the manufacture, use, import, offer for sale, and/or sale of the Sun ANDA Product in the U.S., directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '276 Patent, either literally or under the doctrine of equivalents.

48. If Sun's marketing and sale of the Sun ANDA Product prior to the expiration of the '276 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT II**

**DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 8,524,276**

49. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

9

50.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and a definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Sun regarding infringement of the '276 Patent under 35 U.S.C. §§ 271(a)-(c), such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution.

51.     This actual case or controversy requires a declaration of rights by this Court.

52.     On information and belief, Sun will launch the Sun ANDA Product upon FDA approval after expiration of certain other Orange Book patents on September 30, 2029 if Sun is not enjoined from infringing or actively inducing or contributing to infringement of the '276 Patent. There is sufficient immediacy to justify a declaration of infringement of the '276 Patent.

53.     On information and belief, Sun has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the Sun ANDA Product before the expiration date of the '276 Patent, including Sun's submission of the Sun ANDA.

54.     Any commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product in the U.S. will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '276 Patent.

55.     Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product in the U.S. will constitute infringement of at least one claim of the '276 Patent.

## COUNT III

### INFRINGMENT OF U.S. PATENT NO. 8,956,651

56.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

57.    Under 35 U.S.C. § 271(e)(2), Sun has infringed at least one claim of the '651 Patent by submitting, or causing to be submitted to FDA, the Sun ANDA, seeking approval for the commercial marketing of Sun's ANDA Product before the expiration date of the '651 Patent.

58.    Sun's ANDA Product will, if approved and marketed in the U.S., infringe at least one claim of the '651 Patent.

59.    Sun will, through the manufacture, use, import, offer for sale, and/or sale of the Sun ANDA Product in the U.S., directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '651 Patent, either literally or under the doctrine of equivalents.

60.    If Sun's marketing and sale of the Sun ANDA Product prior to the expiration of the '651 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV

### DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 8,956,651

61.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

62.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and a definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Sun regarding infringement of the '651 Patent under 35 U.S.C.

§§ 271(a)-(c), such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution.

63.     This actual case or controversy requires a declaration of rights by this Court.

64.     On information and belief, Sun will launch the Sun ANDA Product upon FDA approval after expiration of certain other Orange Book patents on September 30, 2029 if Sun is not enjoined from infringing or actively inducing or contributing to infringement of the '651 Patent. There is sufficient immediacy to justify a declaration of infringement of the '651 Patent.

65.     On information and belief, Sun has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the Sun ANDA Product before the expiration date of the '651 Patent, including Sun's submission of the Sun ANDA.

66.     Any commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product in the U.S. will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '651 Patent.

67.     Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product will constitute infringement of at least one claim of the '651 Patent.

## COUNT V

### INFRINGMENT OF U.S. PATENT NO. 9,314,461

68.     Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

69. Under 35 U.S.C. § 271(e)(2), Sun has infringed at least one claim of the '461 Patent by submitting, or causing to be submitted to the FDA, the Sun ANDA, seeking approval for the commercial marketing of the Sun ANDA Product before the expiration date of the '461 Patent.

70. Sun's ANDA Product will, if approved and marketed in the U.S., infringe at least one claim of the '461 Patent.

71. Sun will, through the manufacture, use, import, offer for sale, and/or sale of the Sun ANDA Product in the U.S., directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '461 patent, either literally or under the doctrine of equivalents.

72. If Sun's marketing and sale of the Sun ANDA Product prior to the expiration of the '461 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI

## DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 9,314,461

73. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

74. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and a definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Sun regarding infringement of the '461 Patent under 35 U.S.C. §§ 271(a)-(c), such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution.

75. This actual case or controversy requires a declaration of rights by this Court.

76. On information and belief, Sun will launch the Sun ANDA Product upon FDA approval after expiration of certain other Orange Book patents on September 30, 2029 if Sun is

not enjoined from infringing or actively inducing or contributing to infringement of the '461 Patent. There is sufficient immediacy to justify a declaration of infringement of the '461 Patent.

77.    On information and belief, Sun has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the Sun ANDA Product before the expiration date of the '461 Patent, including Sun's submission of the Sun ANDA.

78.    Any commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product in the U.S. will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '461 Patent.

79.    Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product will constitute infringement of at least one claim of the '461 Patent.

## COUNT VII

## INFRINGMENT OF U.S. PATENT NO. 10,307,417

80.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

81.    Under 35 U.S.C. § 271(e)(2), Sun has infringed at least one claim of the '417 Patent by submitting, or causing to be submitted to the FDA, the Sun ANDA, seeking approval for the commercial marketing of Sun's ANDA Product before the expiration date of the '417 Patent.

82.    Sun's ANDA Product will, if approved and marketed in the U.S., infringe at least one claim of the '417 Patent.

83.　Sun will, through the manufacture, use, import, offer for sale, and/or sale of the Sun ANDA Product in the U.S., directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '417 Patent, either literally or under the doctrine of equivalents.

84.　If Sun's marketing and sale of the Sun ANDA Product prior to the expiration of the '417 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VIII

## DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 10,307,417

85.　Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

86.　These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and a definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Sun regarding infringement of the '417 Patent under 35 U.S.C. §§ 271(a)-(c), such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution.

87.　This actual case or controversy requires a declaration of rights by this Court.

88.　On information and belief, Sun will launch the Sun ANDA Product upon FDA approval after expiration of certain other Orange Book patents on September 30, 2029 if Sun is not enjoined from infringing or actively inducing or contributing to infringement of the '417 Patent. There is sufficient immediacy to justify a declaration of infringement of the '417 Patent.

89.　On information and belief, Sun has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the

Sun ANDA Product before the expiration date of the '417 Patent, including Sun's submission of the Sun ANDA.

90.    Any commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product in the U.S. will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '417 Patent.

91.    Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product will constitute infringement of at least one claim of the '417 Patent.

## COUNT IX

### INFRINGMENT OF U.S. PATENT NO. 10,376,505

92.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

93.    Under 35 U.S.C. § 271(e)(2), Sun has infringed at least one claim of the '505 Patent by submitting, or causing to be submitted to the FDA, the Sun ANDA, seeking approval for the commercial marketing of Sun's ANDA Product before the expiration date of the '505 Patent.

94.    Sun's ANDA Product will, if approved and marketed in the U.S., infringe at least one claim of the '505 Patent.

95.    Sun will, through the manufacture, use, import, offer for sale, and/or sale of the Sun ANDA Product, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '505 Patent, either literally or under the doctrine of equivalents.

96.    If Sun's marketing and sale of the Sun ANDA Product prior to the expiration of the '505 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT X

## DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 10,376,505

97.     Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

98.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and a definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Sun regarding infringement of the '505 Patent under 35 U.S.C. §§ 271(a)-(c), such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution.

99.     This actual case or controversy requires a declaration of rights by this Court.

100.    On information and belief, Sun will launch the Sun ANDA Product upon FDA approval after expiration of certain other Orange Book patents on September 30, 2029 if Sun is not enjoined from infringing or actively inducing or contributing to infringement of the '505 Patent. There is sufficient immediacy to justify a declaration of infringement of the '505 Patent.

101.    On information and belief, Sun has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. the Sun ANDA Product before the expiration date of the '505 Patent, including Sun's submission of the Sun ANDA.

102.    Any commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product in the U.S. will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '505 Patent.

17

103.    Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product will constitute infringement of at least one claim of the '505 Patent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for a judgment in their favor and against Sun and respectfully request the following relief:

A.  A judgment, under 35 U.S.C. § 271(e)(2), Sun has infringed at least one claim of one of the Asserted Patents by submitting or causing to be submitted the Sun ANDA to FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the U.S. of the Sun ANDA Product before the expiration of the Asserted Patents;

B.  An order declaring Sun's submission of the Sun ANDA infringes at least one claim of one of the Asserted Patents;

C.  An order declaring the commercial manufacture, use, importation, offer for sale, and/or sale of the Sun ANDA Product in the U.S. infringes at least one claim of one of the Asserted Patents;

D.  An order enjoining Sun from the commercial manufacture, use, import, offer for sale, and/or sale of the Sun ANDA Product in the U.S. until expiration of the Asserted Patents, or such later date as the Court may determine;

E.  An order enjoining Sun and all persons acting in concert with Sun from seeking, obtaining, or maintaining approval of the Sun ANDA until expiration of the Asserted Patents;

F.  An order that the effective date of any approval by the FDA of the Sun ANDA Product be a date not earlier than the expiration of the Asserted Patents, or such later date as the Court may determine;

G.  An order declaring this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs' costs, expenses, and disbursements in this action, including reasonable attorneys' fees;

H.  An award or damages or other monetary relief to the extent there has been commercial manufacture, use, offer to sell, or sales within the U.S. or importation into the U.S. of the Sun ANDA Product, under 35 U.S.C. § 271(e)(4)(C); and

I.   Such further and additional relief as this Court deems just and proper.

Dated: July 10, 2026
      Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

Jonathan A. Harris
**NUTTER, MCCLENNEN & FISH, LLP**
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

James Trainor
**NUTTER, MCCLENNEN & FISH, LLP**
655 Third Avenue
New York, NY 10017
(646) 440-8000

*Attorneys for Plaintiffs*
*Bausch Health Companies Inc.,*
*Salix Pharmaceuticals, Inc.,*
*Progenics Pharmaceuticals, Inc.,*
*and Wyeth LLC*

20

## CERTIFICATION OF NON-ARBITRABILITY
## PURSUANT TO LOCAL CIVIL RULE 201.1(d)

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I hereby certify under penalty of perjury that the foregoing is true and correct.


Dated: July 10, 2026                           s/ William P. Deni, Jr.
      Newark, New Jersey                   William P. Deni, Jr.

*Attorneys for Plaintiffs*
*Bausch Health Companies Inc.,*
*Salix Pharmaceuticals, Inc.,*
*Progenics Pharmaceuticals, Inc.,*
*and Wyeth LLC*

21